IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HAROLD HEMPSTEAD,
    Plaintiff,

vs.                                        Case No.: 5:06cv68/MCR/EMT

STEPHEN CARTER, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 12) and Plaintiff's Motion Requesting an Emergency Ruling on his motion (Doc. 21). Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1) claiming that Defendants at Washington Correctional Institution (WCI) violated his First Amendment, equal protection, and due process rights.

        In his motion for preliminary injunctive relief, Plaintiff alleges that he has been retaliated against in a number of ways since filing his civil rights action (Doc. 12 at 3-9). Plaintiff alleges that Defendant McAlpin sent two correctional officers to talk to him regarding his civil rights complaint (*id*. at 3). Plaintiff offered to drop the lawsuit in exchange for dismissal of the allegedly false disciplinary report against him, placement in protective management, and non-placement on the most restrictive close management status (*id*. at 4). The officers ultimately threatened him with, *inter alia*, the filing of additional false disciplinary reports, being gassed, and being placed on close management status unless he signed an affidavit agreeing to dismiss the lawsuit (*id*. at 5). On separate occasions thereafter, Plaintiff was threatened in general terms by Defendant Tate and another corrections officer regarding how he would be mistreated in close management (*id*. at 5-6). Defendants Hill and Frye indicated they would put Plaintiff on mail and property restriction,

respectively, after confirming Plaintiff had sued them (*id*. at 6). Defendant Scott told Plaintiff that when he got to close management, he would "learn a lesson about suing D.O.C. staff" (*id*. at 7). Defendant Scott also stated "If you think your [sic] being retaliated against here wait till you get where your [sic] going [i.e., close management]" (*id*.). He told Plaintiff that if Plaintiff wanted to resolve everything, he should drop his civil suit (*id.*). Plaintiff was later told he would be put on close management status and that he would be transferred to Santa Rosa Correctional Institution (SRCI) (*id*. at 8). Plaintiff alleges that when he was incarcerated at SRCI in 2003, he was attacked by three guards and denied the right to eat for four days (*id*. at 9). Plaintiff states he is "in a constant state of fear" because of the actions of Defendants and other WCI staff (*id*. at 10).

As relief, Plaintiff requests that the court enjoin Defendants and other WCI staff from further retaliation; enjoin the placement of Plaintiff on close management status; and enjoin the transfer of Plaintiff to SRCI (*id.* at 11-12). Initially, two of Plaintiff's requests for injunctive relief appear to be moot. In his motion for an emergency ruling, Plaintiff indicated that as of July 16, 2006, Plaintiff had been approved for close management status and was awaiting transfer (Doc. 21 at 2). According to the Florida Department of Corrections website, Plaintiff was transferred to Florida State Prison and is currently on close management status, level III. *See* http://www.dc.state.fl.us. Thus, Plaintiff's request that the court enjoin Defendants from retaliating against him is moot, as Plaintiff is no longer at WCI, and Plaintiff's request that the court prohibit his transfer to SRCI is moot, as he has been transferred to a different institution.

Regarding Plaintiff's close management status, the grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imps., Ltd. v. Frank Pesce Int'l Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Commc'ns Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Carillon Imps., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to all four elements." CBS Broad., Inc., 265 F.3d at 1200 (internal quotation marks omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Furthermore, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom injunctive relief is sought must be parties to the underlying action. *See* Fleming Cos. v. Abbot labs. (In re Infant Formula Antitrust Litig.), 72 F.3d 842, 842-43 (11th Cir. 1995) (court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party); *see also* Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court not authorized to grant injunctive relief against non-parties).

In the instant motion, Plaintiff is not entitled to relief because it does not appear that the individuals responsible for recommending and approving Plaintiff's placement on close management, nor those responsible for removing Plaintiff from close management status, are parties to the lawsuit. Plaintiff alleges that Assistant Warden Holly told Plaintiff that he and Mr. Speights would be sitting on the team that decided Plaintiff's close management status and that Plaintiff would be going to close management "no matter what" (Doc. 12 at 7). However, neither Assistant Warden Holly nor Mr. Speights are parties to the lawsuit. As discussed *supra*, the persons from whom injunctive relief is sought must be parties to the underlying action. Plaintiff has failed to allege facts suggesting that any of the named Defendants had control over Plaintiff's close management status.

Case No.: 5:06cv68/MCR/EMT

Furthermore, Plaintiff has not clearly established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted. Although Plaintiff alleges threats by various WCI staff regarding what would happen to him when he reaches close management, the threats were in general terms, e.g. "What we can't do to you here will happen else where [sic]" (Doc. 12 at 6). Plaintiff has not alleged any physical attacks by the WCI staff, or even any specific threats of physical harm. Furthermore, Plaintiff's facts are insufficient to suggest that Defendants, WCI staff, will have any control over his treatment at another institution.

Moreover, upon preliminary review of Plaintiff's amended complaint (Doc. 10), the undersigned has determined that it fails to present an actionable claim and Plaintiff will be directed to file a second amended complaint. Thus, Plaintiff fails to meet another prerequisite for injunctive relief; namely, a substantial likelihood of success on the merits. Therefore, the motion for a preliminary injunction should be denied.

Accordingly, it is **ORDERED**:

Plaintiff's Motion Requesting an Emergency Ruling (Doc. 21) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Emergency Temporary Restraining Order (Doc. 12) be **DENIED**.

**DONE AND ORDERED** this 26th day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**