IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HAROLD HEMPSTEAD,
    Plaintiff,

vs.                                          Case No: 5:06cv68/MCR/EMT

STEPHEN CARTER, et al.,
    Defendants.
_____/

**ORDER**

       This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 30). Leave to proceed in forma pauperis has been granted (Doc. 14). From a review of the complaint, it is evident that Plaintiff is not entitled to all of the relief he requests. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in a third amended complaint.

       Plaintiff names eight correctional officers at Washington Correctional Institution (WCI) as Defendants in this action: Stephen Carter, Terry Frye, Sgt. Jonathan Cook, Col. J. S. McAlpin, Capt. Scott, R. Hill, M. E. Tate, and Sgt. Shaw (Doc. 30 at 1, 2–2A). Plaintiff is suing all Defendants in their individual capacities (*id.* at 1). Plaintiff claims that Defendants McAlpin, Scott, Cook, Carter, Frye, Hill, and Tate retaliated against him for filing grievances in violation of his First Amendment rights by conducting a false search of Plaintiff's cell and filing a false disciplinary report (*id.* at 7E–7F, 8–8B). He also claims those Defendants conspired to retaliate against him (*id.* at 8–8A). Finally, Plaintiff contends that Defendant Shaw violated his due process and equal protection rights by denying him the right to present evidence and witnesses in his defense during the disciplinary hearing (*id.* at 8B–8C). As relief, Plaintiff seeks nominal and punitive damages against each Defendant (*id.* at 9).

Initially, although Plaintiff used the form for use in Section 1983 cases, he failed to properly complete the "Relief Requested" section of the form.  Instead of listing the relief requested, he wrote "see page nine (9)."  This is not acceptable.  Rule 5.1(J) of the Local Rules for the Northern District of Florida provides that pro se complaints filed under Section 1983 shall not be considered by the court unless the appropriate form has been properly completed and filed by the litigant.  Additionally, Plaintiff's complaint is over forty pages long.  This is also unacceptable.  Rule 5.1(J) also provides that no complaint may exceed twenty-five pages without leave of the court upon a showing of good cause. The use of a prescribed form and the page limit were adopted for reasons of administrative convenience.  This court, with its large volume of pro se actions, saves valuable time if it is not required to decipher lengthy and often unintelligible complaints.  This saving would be lost if Plaintiff were allowed to fill in the form with a reference to an attachment instead of completing the form itself or if Plaintiff were allowed to submit a very lengthy complaint.  In light of the administrative benefits derived from the use of the form, Plaintiff shall be required to fully complete the form, even if he wishes to submit an attachment with additional facts or claims. Further, Plaintiff shall be required to submit a complaint no more than twenty-five pages in length.

Additionally, Plaintiff is advised that subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).  In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury.  Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13

Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).  In the instant case, Plaintiff has not alleged any physical injury arising from Defendants' actions.  Therefore, Plaintiff is not entitled to punitive damages, and he should drop his claim for such damages from his third amended complaint.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Third Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  <u>Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims</u>.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.  Thus, Plaintiff should not refer the court to any earlier complaint or pleading to demonstrate exhaustion or supply factual support for his claims.  Plaintiff is also advised that his third amended complaint should be <u>legible and succinct and include only those facts necessary to his claims</u>.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a complaint form for use in prisoner actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Third Amended Complaint." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 29th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**