IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HAROLD HEMPSTEAD,
    Plaintiff,

vs.                                    Case No.: 5:06cv68/MCR/EMT

STEPHEN CARTER, et al.,
    Defendants.
_____/

## O R D E R

       This cause is before the court upon referral from the Clerk.  Plaintiff in this action is proceeding pro se and in forma pauperis.  On November 29, 2006, the court directed the United States Marshal Service to effect service upon Defendants by mailing the required documents to the special process server at Washington Correctional Institution (Doc. 41).  On December 14, 2006, the court was informed that service of process was returned unexecuted as to Defendant M.E. Tate because Defendant "no longer works for the Department" (Doc. 50).

       It is unlikely that Plaintiff, because of his incarceration, will be able to obtain information as to Defendant Tate's whereabouts without engaging in discovery.  Discovery, however, is premature.  Therefore, the DOC shall be required to appear for Defendant Tate or provide his address in confidence to the United States Marshal Service.

       Accordingly, it is **ORDERED**:

       1.    The clerk shall issue summons for Defendant Tate, indicating that Defendant has **SIXTY (60) DAYS** in which to file a responsive pleading (which in this case will be a written report as detailed *infra*).

       2.    The clerk shall send the summons for Defendant Tate, a copy of this order, and a copy of the third amended complaint (Doc. 36) to Susan Maher, Deputy General Counsel for the Department of Corrections, 2601 Blairstone Road, Tallahassee, FL  32399-2500.

3. The Office of the General Counsel for the Department of Corrections shall have **THIRTY (30) DAYS** from the date this order is entered on the docket in which to either: (1) inform the United States Marshal in confidence of Defendant Tate's address for service, (2) enter an appearance on Defendant Tate's behalf, or (3) advise the court that neither alternative is possible. If Defendant Tate's address is provided to the Marshal, the Deputy General Counsel shall file a notice that this has been done. In such event, the Deputy General Counsel shall also forward to the United States Marshal a copy of this order, the summons, and a service copy of the amended complaint.

4. Upon receipt of an address for Defendant Tate, the United States Marshal shall attempt to personally serve Defendant Tate in accordance with Fed. R. Civ. P. 4(e). Upon completion of service, the Marshal shall complete and sign the return of service and return it to the clerk of court as proof of service. Defendant Tate shall also sign the return of service as an acknowledgment of receipt of service.

5. The clerk of court shall return this file to the undersigned if service on Defendant is returned unexecuted.

6. Defendant shall review the subject matter of the complaint in order to:

    a. ascertain the facts and circumstances surrounding the complaint;

    b. consider whether any action should be taken directly by prison officials to resolve the issues raised in the complain; and

    c. determine whether other, similar complaints, whether pending in this court or elsewhere, should be considered together.

7. Within **SIXTY (60) DAYS** of receipt of the summons, Defendant shall respond to the amended complaint either by filing a motion pursuant to 42 U.S.C. § 1997e to dismiss the proceedings because Plaintiff has not exhausted administrative remedies or by filing a special report with the court, and a copy thereof to Plaintiff, containing the following:

    a. sworn statements of all persons having knowledge and relevant information of the subject matter of the complaint (authorization is hereby granted to interview all witnesses to the events of the complaint, including Plaintiff);

      b. copies of any written reports prepared as a result of investigation of Plaintiff's allegations;

      c. all defenses, including immunity defenses (if not listed, such defenses may be considered waived);

      d. where relevant, copies of medical or psychological or disciplinary records; and

      e. where applicable, copies of relevant administrative rules, regulations or guidelines.

Defendant is advised that, at some time in the future upon notice of the court, the special report may be deemed a motion for summary judgment. Therefore, in addition to the above-mentioned items, the special report shall include all Rule 56 materials that Defendant wishes the court to consider.

    8. No answer, motion to dismiss (except on grounds of exhaustion), motion for summary judgment, or request for discovery shall be served or filed by any party without permission of the court, except as set forth above. If any such pleading or motion is sent to the court, the clerk shall not file or otherwise treat the pleading as a motion until or unless the court so orders.

    9. Plaintiff shall not file a reply to a motion to dismiss or to Defendant's special report until ordered to do so by the court.

    10. Upon filing of a special report, no further amendments to the complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

    11. Plaintiff shall be required to mail to Defendant's attorney a copy of every pleading or other paper, including letters, submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of the court a certificate stating the date a correct copy of the paper was mailed to Defendant or to Defendant's attorney. **Any paper so submitted for filing that does not contain a certificate of service shall be returned by the clerk and disregarded by the court.**

    **DONE AND ORDERED** this 18th day of December 2006.

                        /s/ *Elizabeth M. Timothy*
                        **ELIZABETH M. TIMOTHY**
                        **UNITED STATES MAGISTRATE JUDGE**